```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
AJIT KHUBANI,                          :

               Plaintiff,              :      MEMORANDUM DECISION

          - against -                  :      05 Civ. 3706 (DC)

IONIC WHITE, INC. and MICHAEL          :
ACKERMAN,
                                       :
               Defendants.
                                       :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-18-09

**APPEARANCES:**      KELLOGG, HUBER, HANSEN, TODD,
                        EVANS & FIGEL, P.L.L.C.
                     Attorneys for Plaintiff
                          By:   K. Chris Todd, Esq.
                                Jennifer L. Peresie, Esq.
                     1615 M Street, N.W., Suite 400
                     Washington, D.C.  20036

                     MANATT, PHELPS & PHILLIPS, LLP
                     Attorneys for Defendants
                          By:   Gregory A. Clarick, Esq.
                                Ronald G. Blum, Esq.
                                Kathleen R. Johnson, Esq.
                     7 Times Square
                     New York, N.Y.  10036

**CHIN, District Judge**

       This diversity case was tried to a jury on April 14 and 15, 2008.  The jury returned a verdict on April 16, 2008, finding that defendant Michael Ackerman had committed a battery against plaintiff Ajit Khubani on April 9, 2005.  The jury, however, awarded Khubani only nominal damages of $1, and it further found that Khubani had failed to prove his assault and intentional infliction of emotional distress claims.  Finally, the jury found that defendant Ionic White, Inc. was vicariously liable for

Ackerman's conduct.  Judgment was entered on April 17, 2008, implementing the jury's verdict.

Before the Court is Khubani's motion, pursuant to Fed. R. Civ. P. 59, for a new trial.  Khubani argues that (1) defense counsel made prejudicial statements in summation that deprived him of a fair trial; (2) the Court improperly excluded evidence of Ackerman's past "brutal conduct"; and (3) the jury's finding on the assault claim was against the weight of the evidence and inconsistent with its finding of a battery.  For the reasons set forth below, Khubani's motion is denied in all respects.

1. **Defense Counsel's Summation**

In his summation, defense counsel argued, referring to a statement that Khubani had made to Ackerman during their encounter on April 9, 2005:

> MR. BLUM:  . . . Let me first talk about this statement: "You are all talk and no action."
> . . .
>
> . . . I would suggest that you focus on that statement because Mr. Khubani did not mention it when he was asked by his own lawyer what he had said on April 9.  And perhaps he thought that Mr. Ackerman hadn't heard the words.  Perhaps he thought that Mr. Ackerman hadn't heard the words.  Perhaps he thought that I didn't know about those words and wouldn't cross-examine him about them. Perhaps he hoped that you, the jury, wouldn't hear that.  And he hoped that, I would suggest, because --

(Trial Tr. 222-23).

At that point, even before plaintiff's counsel could finish his objection, I ruled as follows:

>           THE COURT:  Sustained.  Sustained, sustained
>           as to what counsel is thinking in asking
>           questions or not asking questions.
>           Sustained.  Move on to something else.

(Id. 223-24).

Khubani argues that defense counsel's statement "impugned" his "integrity and credibility" as well as that of his counsel, depriving him of a fair trial by improperly appealing to "passion and prejudice."  (Pl. Mem. at 1, 3).

The argument is rejected.  First, I immediately sustained the objection, and gave an immediate curative instruction.  Whatever harm the comment improperly caused was quickly undone.  Second, the statement was the only arguably improper statement in defense counsel's summation, and no other objections were even lodged.  See Parrish v. Sollecito, 280 F. Supp. 2d 145, 168 (S.D.N.Y. 2003) (propriety of closing argument must be considered in context of court's rulings on objections, jury charge, and any corrective measures taken by court).  Third, defense counsel's comment was relatively mild and was not so egregious or inflammatory as to have aroused the jury's passion and prejudice.  Indeed, it was not improper for defense counsel to attack Khubani's credibility, and to the extent his comment could be construed as attacking plaintiff's counsel's credibility, I sustained the objection and instructed the jury that counsel's thought processes were not at issue in any event.

Accordingly, defense counsel's statement did not deprive Khubani of a fair trial.  See Mileski v. Long Island R.R. Co., 499 F.2d 1169, 1171 (2d Cir. 1974).

### 2. The Evidence of Ackerman's Brutal Conduct

Khubani next argues that he was deprived of a fair trial because the Court granted Ackerman's <u>in limine</u> motion to exclude evidence of a May 1, 2003 board meeting of the Electronic Retailing Association, during which Ackerman was allegedly involved in a hostile confrontation with other board members. The argument is rejected.

First, I correctly granted the motion. The probative value of the evidence was slight, as the alleged incident occurred almost two years earlier in a substantially different context. There was nothing in the evidence to suggest that Khubani had the 2003 board meeting in mind when Ackerman confronted him at the charity dinner in 2005. Moreover, the danger of unfair prejudice was great, as the evidence was essentially propensity or bad character evidence -- intended to show that Ackerman was a jerk and that he must have engaged in the alleged conduct on April 9, 2005, because he was a bad person. Hence, I concluded that the marginal probative value was substantially outweighed by the danger of unfair prejudice. (4/9/08 Tr. 6-7). That conclusion was correct.

Second, even assuming I erred in granting the motion <u>in limine</u>, at trial I allowed the board meeting minutes into evidence in any event. Ackerman testified that he could not recall the confrontation, which was reflected in the minutes, and I allowed plaintiff's counsel to cross-examine Ackerman using the minutes because it did not seem credible that he could not

remember the confrontation. (Trial Tr. 181). The minutes reflect that "Ackerman challenged Cesari, verbally abused and threatened physical harm," and plaintiff's counsel was permitted to cross-examine Ackerman along these lines. (PX 14; see Trial Tr. 183-84). Hence, to the extent there was error in the Court's initial evidentiary ruling, the error was harmless, and it certainly did not render the jury's verdict "contrary to the interests of 'substantial justice.'" Nimely v. City of New York, 414 F.3d 381, 399 (2d Cir. 2005) (quoting Fed. R. Civ. P. 61).

### 3. The Verdict on the Assault Claim

Finally, Khubani argues that he is entitled to a new trial because the jury's finding that he had not proved his assault claim was against the weight of the evidence and inconsistent with its finding of a battery. Not so.

Khubani's assertion that "assault is a lesser included offense of battery" (Pl. Mem. at 9) is not correct. Under California law, there is a material difference between the two torts: assault requires proof that "the victim reasonably believed that he was about to be touched in a harmful or offensive manner," while no such proof is required for a battery claim. (See Trial Tr. 248, 249). While battery requires a finding that the victim "was harmed or offended by [the defendant's] conduct" (id. 249), there is no requirement that the victim anticipate the harmful or offensive touching, as is required for assault (id. 249 (plaintiff "reasonably believed that he was about to be touched in a harmful or an offensive

manner")). See Kiseskey v. Carpenters' Trust for S. Cal., 144 Cal. App. 3d 222, 232 (1983) ("The tort of assault is complete when the anticipation of harm occurs."). Kubani never objected to these aspects of the Court's charge. (Trial Tr. 118-34, 260).

Here, the jury very well could have found, and apparently did find, that Khubani did not prove that he anticipated a harmful or offensive touching. The incident happened very quickly, in a public setting, and Khubani never testified that he anticipated being touched in a harmful or offensive manner. The jury's verdict is amply supported by the evidence.

## CONCLUSION

For the foregoing reasons, Khubani's motion for a new trial is denied. The jury's verdict will stand.

SO ORDERED.

Dated:  New York, New York
        March 18, 2009

                                    _____
                                    DENNY CHIN
                                    United States District Judge